IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DARRON O. WOODBERRY,

     Appellant/Cross-Appellee,

 v.                                    Case No. 5D21-2737
                                         LT Case No. 2017-305027-CFDB

STATE OF FLORIDA,

     Appellee/Cross-Appellant.

_____/

Opinion filed April 28, 2023

Appeal from the Circuit Court
for Volusia County,
Matthew M. Foxman, Judge.

Jessica J. Travis, of DefendBrevard.com,
Melbourne, for Appellant/Cross-Appellee.

Ashley Moody, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee/Cross-Appellant.


PER CURIAM.

AFFIRMED. <u>See</u> <u>Shelly v. State</u>, 262 So. 3d 1, 16–17 (Fla. 2018). However, similar to what our sister court did in <u>Penna v. State</u>, 344 So. 3d 420, 442 (Fla. 4th DCA 2021), we reword and certify to the Florida Supreme Court the following question of great public importance:

> WHERE A DEFENDANT INITIALLY INVOKED HIS FIFTH AMENDMENT <u>MIRANDA</u>[1] RIGHTS BUT SUBSEQUENTLY REINITIATES CONTACT WITH LAW ENFORCEMENT, DOES LAW ENFORCEMENT AUTOMATICALLY VIOLATE THOSE RIGHTS BY GENERALLY REMINDING DEFENDANT OF HIS RIGHTS RATHER THAN FULLY RE-MIRANDIZING THE DEFENDANT?

WALLIS, EDWARDS and HARRIS, JJ., concur.

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

2